# In the United States Court of Federal Claims

No. 08-136C

(Filed: July 24, 2008)

```
*******************************  *
                                 *
WILLIAM AKINS,                   *   Fifth Amendment Taking Claim;
                                 *   Patented Device Classified As
                Plaintiff,       *   Machine Gun; Exercise of Police
                                 *   Power; Motion to Dismiss Under
 v.                              *   RCFC 12(b)(6).
                                 *
THE UNITED STATES,               *
                                 *
                Defendant.       *
                                 *
*******************************  *
```

*John R. Monroe*, Roswell, Georgia, for Plaintiff.

*Michael N. O'Connell*, with whom were *Gregory G. Katsas*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Mark A. Melnick*, Assistant Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., and *Melissa Anderson*, ATF Office of Chief Counsel, Of Counsel, for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

In this Fifth Amendment takings case, Plaintiff William Akins seeks just compensation for damages resulting from a Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") ruling that classifies Plaintiff's invention, the "Akins Accelerator," as a machine gun, and prohibits Plaintiff from selling this device to anyone other than law enforcement agencies. The case is before the Court on Defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Court of Federal Claims ("RCFC"). For the reasons stated below, the Court grants Defendant's motion to dismiss.

Background[1]

On August 15, 2000, the United States Patent and Trademark Office issued Patent No. 6,101,918 ("the '918 patent") to Plaintiff for a device that became known as the "Akins Accelerator." Comp. ¶ 6. According to the patent, the purpose of the Akins Accelerator was "to increase the cyclic rate at which the trigger of a semi-automatic firearm can be actuated to discharge the weapon." Comp. Ex. A.

On March 31, 2002, Plaintiff submitted patent drawings of the Akins Accelerator to ATF for classification under the National Firearms Act, 26 U.S.C. § 5801, *et. seq*. Comp. ¶ 7, Ex. B. In particular, Plaintiff inquired whether ATF would consider the Akins Accelerator to be a machine gun as defined by 26 U.S.C. § 5845(b). Id. At the time, Plaintiff did not have any prototypes available for ATF to test. Comp. Ex. B. ATF requested a sample of the device, and on November 17, 2003, sent a letter to Plaintiff's business associate, Thomas Bowers, stating that "the submitted stock assembly does not constitute a machinegun as defined in the NFA." Comp. ¶¶ 10-15, Ex. E. ATF confirmed its November 17, 2003 ruling in a January 29, 2004 letter to Mr. Bowers. Comp. Ex. G. Relying on ATF's classification, Plaintiff and Mr. Bowers began producing and distributing the Akins Accelerators through Plaintiff's predecessor in interest, the Akins Group, Incorporated. Comp. ¶ 23.

On November 22, 2006, more than three years after ATF's initial classification, Richard Vasquez, Assistant Chief of ATF's Firearms Technology Branch, sent a letter to Mr. Bowers stating that ATF had "recently received a request from an individual to examine a device referred to as an "'Akins Accelerator.'" Comp. Ex. H at 1. As a result of this request, ATF tested the Akins Accelerator and determined that it was a machine gun under the National Firearms Act, as well as the Gun Control Act of 1968. Comp. ¶ 24, Ex. H at 1-2 (citing 18 U.S.C. §§ 921(a)(23), 922(o); 26 U.S.C. § 5485(b)). Mr. Vasquez noted ATF's earlier classification and stated that "[t]o the extent that the determination in this letter is inconsistent with the letters dated November 17, 2003, and January 29, 2004, they are hereby overruled." Comp. Ex. H at 3. Three weeks later, on December 13, 2006, ATF issued a generic ruling describing the Akins Accelerator and declaring it to be a machine gun. Comp. ¶ 26. On September 24, 2007, ATF denied Plaintiff's motion for reconsideration stating "the device should remain classified as a machine gun . . . ." Comp. ¶ 30.

---

[1] The facts set forth in this opinion do not constitute findings of fact by the Court. The facts cited are either undisputed, or are taken from Plaintiff's complaint and accompanying exhibits, and are presumed to be true for the purpose of deciding Defendant's motion to dismiss. See Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

On January 19, 2007, ATF required the Akins Group and Plaintiff to remove recoil springs from all Akins Accelerators and surrender them to ATF, thereby rendering the devices non-functional and without value. Comp. ¶¶ 33-34. The Akins Group assigned all rights and interests in claims it may have against the Government to Plaintiff on February 18, 2008. Comp. ¶ 36.

Plaintiff filed a three-count complaint in this Court on March 6, 2008, alleging both regulatory and physical takings as well as due process violations. Plaintiff requested just compensation for property taken, and a declaratory judgment that ATF's ruling was arbitrary and capricious, or, in the alternative, that 18 U.S.C. § 922(o) is unconstitutional. On May 2, 2008, Defendant filed a motion to dismiss Plaintiff's claims pursuant to RCFC 12(b)(1) and 12(b)(6). Specifically, Defendant argued that this Court lacks jurisdiction to (1) hear Plaintiff's due process claim, (2) conduct Administrative Procedures Act ("APA") review of ATF's ruling, (3) declare 18 U.S.C. § 922(o) unconstitutional, or (4) issue the requested declaratory and injunctive relief. In response, Plaintiff withdrew his due process claim and request for declaratory and injunctive relief. Pl.'s Resp. at 2.[2] Thus, only Plaintiff's physical and regulatory takings claims remain before the Court. This Court has jurisdiction to hear a claim for just compensation pursuant to the Takings Clause of the Fifth Amendment. See e.g., Overview Books, LLC v. United States, 72 Fed. Cl. 37, 41 (2006) ("A claim for compensation pursuant to the Takings Clause of the Fifth Amendment constitutes a money-mandating provision sufficient to invoke the jurisdiction of this court.").

Discussion

A. Standards for Decision

"[A] complaint should be dismissed under RCFC 12(b)(6) 'when the facts asserted by the claimant do not entitle him to a legal remedy.'" Steward v. United States, 80 Fed. Cl. 540, 542-43 (2008) (quoting Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002)). When considering a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all the factual allegations in the complaint, and [the Court] must indulge all reasonable inferences in favor of the non-movant." Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (citations omitted); see also Huntleigh USA Corp. v. United States, 63

---

[2] Plaintiff apparently has filed a separate action in Federal district court challenging the ATF's designation of the Akins Accelerator as a machine gun. Akins v. United States, No. 08-CV-00988T-26TGW (M.D.Fla.). For the purposes of a takings claim, this Court must assume that the underlying agency action was lawful. Acadia Tech., Inc. v. United States, 458 F.3d 1327, 1331 (Fed. Cir. 2006); Rith Energy, Inc. v. United States, 270 F.3d 1347, 1352-53 (Fed. Cir. 2001) (on petition for rehearing).

Fed. Cl. 440, 443 (2005). The Court, however, is not required to "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). While the complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).

Under RCFC 12(b), when matters outside the pleadings are presented and not excluded by the Court, the motion to dismiss shall be treated as a motion for summary judgment under RCFC 56, and the parties shall be given reasonable opportunity to present materials pertinent to the motion. Where, however, the Court relies only on undisputed documents attached as exhibits to the Complaint, the Court may proceed without converting the motion to dismiss to one for summary judgment. See American Contractors Indem. Co. v. United States, 81 Fed. Cl. 682, 688 (2008). In this case, Plaintiff attached eleven exhibits to the Complaint containing the abstract to the '918 patent, and correspondence between the Akins Group and ATF. Defendant does not dispute the validity of any of Plaintiff's attached exhibits, and the Court will consider them for the purposes of Defendant's motion without converting it to a motion for summary judgment.

    B.  Takings Analysis

The Takings Clause of the Fifth Amendment provides that "nor shall private property be taken for public use without just compensation." U.S. Const. amend. V. "[T]he government may 'take' private property either by physical invasion or by regulation." American Pelagic Fishing Co., L.P. v. United States, 379 F.3d 1363, 1371 (Fed. Cir. 2004) (citing Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1014-15 (1992)). In this case, Plaintiff alleged both a physical and regulatory taking. First, Plaintiff asserted that ATF "required Akins Group, Inc. to remove recoil springs from all Akins Accelerators in inventory and surrender them to [ATF]." Comp. ¶¶ 33, 41. Second, Plaintiff contended that ATF's December 13, 2006 ruling resulted in a regulatory taking. Comp. ¶¶ 26, 40.

The Takings Clause "does not entitle all aggrieved owners to recompense, only those whose property has been 'taken for a public use.'" Amerisource Corp. v. United States, 525 F.3d 1149, 1152 (Fed. Cir. 2008). "Property seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause." Id. at 1153 (applying the police power doctrine in the context of an alleged physical taking); see also Rith Energy, Inc. v. United States, 270 F.3d 1347 (Fed. Cir. 2001) (on petition for rehearing) (applying

the police power doctrine in the context of an alleged regulatory taking); Seay v. United States, 61 Fed. Cl. 32, 35 (2004).

The police power doctrine may apply where the government acts in order "to protect the general health, safety and welfare of its citizens." Amerisource Corp. v. United States, 75 Fed. Cl. 743, 747 (2007), aff'd, 525 F.3d 1149 (Fed. Cir. 2008); see also Acadia Tech., Inc. v. United States, 65 Fed. Cl. 425, 429 (2005) (holding that if property "is taken to prevent public harm, the government action may be an exercise of police power."), aff'd, 458 F.3d 1327 (Fed. Cir. 2006). As the United States Supreme Court explained long ago:

> A prohibition simply upon the use of property for purposes that are declared, by valid legislation, to be injurious to the health, morals, or safety of the community, cannot, in any just sense, be deemed a taking or an appropriation of property for the public benefit. Such legislation does not disturb the owner in the control or use of his property for lawful purposes, nor restrict his right to dispose of it, but is only a declaration by the state that its use by any one, for certain forbidden purposes, is prejudicial to the public interests.

Mugler v. Kansas, 123 U.S. 623, 668-69 (1887) (holding that a State law prohibiting the manufacture and sale of intoxicating liquors except for limited purposes did not constitute a compensable taking). In addition to a prohibition on the sale of intoxicating liquors, examples of the exercise of police power resulting in a non-compensable government taking include: seizing pharmaceuticals to enforce criminal laws against a third party, Amerisource Corp., 525 F.3d at 1150-51; seizing goods suspected of bearing counterfeit marks, Acadia Tech, 458 F.3d at 1332 (describing the Customs seizure as "a classic example of the government's exercise of the police power to condemn contraband or noxious goods . . . ."); and revoking a mining permit to prevent harmful runoff to surrounding communities, Rith Energy, 270 F.3d at 1352.

Congress has granted ATF the authority to investigate criminal and regulatory violations of Federal firearms laws. 28 U.S.C. § 599A(b)(1). One of the Federal firearms laws that ATF is authorized to enforce is 18 U.S.C. § 922(o), which states that "it shall be unlawful for any person to transfer or possess a machinegun." 18 U.S.C. § 922(o) (establishing limited exceptions that do not apply in this case). A person who knowingly violates § 922(o) shall be fined, imprisoned not more than ten years, or both. 18 U.S.C. § 924(a)(2). The record shows that ATF was acting under this authority when it classified the Akins Accelerator as a machine gun, ordered Plaintiff to register or surrender the devices, and prohibited Plaintiff from selling them to anyone other than law enforcement agencies. See Comp. Ex. H (citing 18 U.S.C. §§ 921(a)(23), 922(o); 26 U.S.C. § 5485(b)). As ATF

was acting pursuant to the police power conferred on it by Congress, Plaintiff's complaint fails to state a compensable takings claim under the Fifth Amendment. See Amerisource Corp., 525 F.3d at 1154 ("so long as the government's exercise of authority was pursuant to some power other than eminent domain, then the plaintiff has failed to state a claim for compensation under the Fifth Amendment.") (citing Bennis v. Michigan, 516 U.S. 442, 453 (1996)).

In addition to being barred under the police power doctrine, the Court agrees with Defendant that Plaintiff's regulatory takings claim fails because his expectancy interest in manufacturing and selling Akins Accelerators to the general public is not protected property under the Fifth Amendment. Under Bowen v. Public Agencies Opposed to Social Security Entrapment, 477 U.S. 41 (1986), "enforceable rights sufficient to support a taking claim against the United States cannot arise in an area voluntarily entered into and one which, from the start, is subject to pervasive Government control." Mitchell Arms, Inc. v. United States, 26 Cl. Ct. 1, 5 (1992), aff'd, 7 F.3d 212 (Fed. Cir. 1993); cf. Lucas, 505 U.S. at 1027-28 ("[I]n the case of personal property, by reason of the State's traditionally high degree of control over commercial dealings, he ought to be aware of the possibility that new regulation might even render his property economically worthless . . . ."). "[G]overnment regulation – by definition – involves the adjustment of rights for the public good. Often this adjustment curtails some potential for the use or economic exploitation of private property. To require compensation in all such circumstances would effectively compel the government to regulate by *purchase*." Andrus v. Allard, 444 U.S. 51, 65 (1979) (emphasis in original) (holding that Congress's prohibition on the sale of preexisting eagle feathers did not constitute a taking).

In Mitchell Arms, the plaintiff, a federally-licensed firearms importer, alleged that ATF's suspension and revocation of import permits constituted a compensable taking under the Fifth Amendment. Mitchell Arms, 7 F.3d at 215. The Federal Circuit held that the plaintiff's expectation interest in selling firearms in the United States was not property protected by the Fifth Amendment because the plaintiff "voluntarily entered the firearms import business, thereby knowingly placing itself in the governmentally controlled arena of firearms importation of the Gun Control Act . . . ." Id. at 216.

Like the plaintiff in Mitchell Arms, Plaintiff here voluntarily entered an area subject to pervasive federal regulation – the manufacture and sale of firearms. According to the abstract of the '918 patent, Plaintiff designed and manufactured an assembly that increased the rate at which semi-automatic weapons are discharged. See Comp. Ex. A (describing the Akins Accelerator as "[a]n accelerating assembly effectively to increase the cyclic rate at which the trigger of a semi-automatic firearm can be actuated to discharge the weapon."). Plaintiff's knowledge of the potential for federal regulation of his invention is evidenced by his initial March 31, 2002 letter to ATF in which he describes the Akins Accelerator and asks

"would B.A.T.F. consider the installed combination to be a machine gun according to N.F.A federal law?" Comp. Ex. B. Consequently, Plaintiff's expectation interest in manufacturing and distributing Akins Accelerators to the public free from Federal regulation is not a property interest protected by the Fifth Amendment.

## Conclusion

Based upon the foregoing, Defendant's motion to dismiss under RCFC 12(b)(6) is GRANTED. The Clerk is directed to dismiss Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge